

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **CHRISTOPHER A. SEACORD**<br>Labor and Employment Law Division<br>Phone:  (212) 788-0866<br>Fax:  (212) 788-8877<br>Email:  cseacord@law.nyc.gov |

June 14, 2012

**BY ECF**
Honorable Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   Re   Harris v. Queens County District Attorney's Office, et al.
>           Docket No. 08 Civ. 1703 (CBA)(LB)

Dear Judge Brodie:

       I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the DA Defendants in the above-referenced action.  I am writing to bring several issues to Your Honor's attention prior to the final pre-trial conference in this matter, scheduled for 2:00 pm on June 15, 2012.

       First, DA Defendants respectfully request that plaintiff be precluded from offering any testimony regarding the statements that allegedly were made to her by the unidentified media representatives to whom she purportedly spoke on April 23, 2007.  In particular, plaintiff will claim that an unidentified representative of the New York Times informed her that he had called the Queens DA's Office to confirm the story regarding tuberculosis, and that an unidentified representative from the DA's Office had denied the existence of tuberculosis in the office.  Such testimony would be impermissible double hearsay and must be precluded.

       Plaintiff's testimony on this issue consists of two separate hearsay statements:  (1) the alleged statement by the unidentified member of the DA's Office to the unidentified member of the press; and (2) the alleged statement by the unidentified member of the press to plaintiff.  The only possible rationale for introducing such testimony would be to attempt to establish that the Queens DA's Office was contacted by the press and denied the existence of tuberculosis.  Thus, plaintiff clearly would be seeking to introduce this testimony in order to establish the truth

of the matter asserted therein. Accordingly, in order for this testimony to be admissible, plaintiff would have to establish the existence of an applicable hearsay exception for each of the statements in question. See F.R.E. 805; Evans v. Port Auth. of N.Y., 192 F. Supp. 2d 247, 262 (S.D.N.Y. 2002). In this case, plaintiff simply cannot satisfy this burden. Indeed, as plaintiff cannot identify either of the alleged speakers involved, it is exceedingly difficult to imagine how plaintiff would even begin to attempt to establish the existence of an applicable exception for either statement. Thus, any attempt by plaintiff to offer this double hearsay testimony into evidence must be precluded.

Second, the DA Defendants have requested that plaintiff provide them with a list of witnesses in the order in which plaintiff intends to call them, both so that the defendants can properly prepare for cross-examination, and, more importantly, so that they can inform those individuals when they are expected to appear to testify. To date, plaintiff has not supplied such a list and the DA Defendants respectfully request that plaintiff be directed to provide them with an order of witnesses prior to the commencement of trial in this action.

Finally, plaintiff has yet to provide the defendants with pre-marked copies of her proposed trial exhibits in this action. Your Honor's Individual Rules of Practice clearly require that pre-marked copies of exhibits be exchanged at least ten days before the commencement of trial, and the DA Defendants respectfully request that plaintiff be directed to immediately comply with that obligation.

Thank you for your consideration in these matters.

Respectfully submitted,

/S/
Christopher A. Seacord
Assistant Corporation Counsel


cc: Tamara M. Harris (By ECF)
Plaintiff Pro se
350 Broadway, Suite 400
New York, New York 10011
(212) 334-1050
totallytammy2003@yahoo.com

Eric T. Schneiderman (By ECF)
Attorney General of the State of New York
Attorney for Defendant Hunter
120 Broadway
New York, New York 10271
Attn: Charles F. Sanders
(212) 416-8594
charles.sanders@ag.ny.gov