UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TAMARA HARRIS,

       Plaintiff,

                 **MEMORANDUM & ORDER**
  v.                 08-CV-1703 (MKB)

RICHARD BROWN, JOAN RITTER,
JOHN RYAN, JIM QUINN, LAURA
HENIGMAN and STEPHANIE HUNTER,

       Defendants.
-----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

  Plaintiff Tamara Harris, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 and § 1985 against Defendants Richard Brown, Joan Ritter, Jim Quinn, John Ryan and Laura Henigman (collectively, the "DA Defendants"), as well as Stephanie Hunter, a state-employed court officer. On June 18, 2012, the Court commenced a jury trial. After deliberating, the jury returned a verdict in favor of Defendants on all claims. Defendants timely filed an application for costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Plaintiff opposed Defendant's application. For the reasons set forth below, Defendants' application for costs is granted in part and denied in part.

 **I.** **Bill of Costs**

  Defendants seek an award of costs in the amount of $11,264.83. (Declaration of Christopher A. Seacord ("Seacord Decl.") ¶ 7.) Defendants seek costs for the following items: (1) daily trial transcripts ($8,352.56); (2) Plaintiff's deposition transcript ($920.77); (3) defendant Hunter's deposition transcript ($181.50); (4) defendant Ritter's deposition transcript ($544.80); (5) defendant Ryan's deposition transcript ($337.40); (6) trial witness Craig

Abruzzo's deposition transcript ($155.40); (7) defendant Henigman's deposition transcript ($331.60); and (8) defendant Quinn's deposition transcript ($440.80). *Id.* at ¶¶ 8–15.

### a. Standard of Review

Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Civil Rule 54.1 outlines the costs taxable in this District. Local Civil Rule 54.1; *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 233 (E.D.N.Y. 2012). Under Rule 54, an award of costs against the losing party is the "normal rule," and "the losing party has the burden to show that costs should not be imposed." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). A court in its discretion may deny costs because of, among other things, "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* Where a prevailing party is denied costs, the court "must articulate its reasons for doing so." *Id.*

### b. Discussion

#### i. Trial Transcripts

Defendants seek the costs of the daily trial transcripts. Local Civil Rule 54.1 provides that only trial transcripts that were "necessarily obtained for use in this Court or on appeal" are taxable. Local Civil Rule 54.1(c)(1). Courts have recognized that "daily transcripts of trial testimony are not customary," and "the determination of 'necessarily obtained' transcripts is a case-by-case, fact-sensitive inquiry." *Bartels v. Inc. Vill. of Lloyd Harbor*, No. 08 Civ. 1256, 2012 WL 181633, at *2 (E.D.N.Y. Jan. 6, 2012) (collecting cases). In determining whether the transcripts were necessary, the court considers "the length and complexity of the case, whether

more than one attorney for the requesting party was present at the trial, whether the transcript was a mere convenience and other extraordinary circumstances." *Perks v. Town of Huntington*, No. 99 Civ. 4811, 2008 WL 8091034, at *3 (E.D.N.Y. Mar. 31, 2008), *aff'd*, 331 F. App'x 769 (2d Cir. 2009).

Plaintiff agrees that the cost of her direct testimony is taxable, and Defendants concede that the transcript from the final day of trial is not taxable. (Harris Decl. ¶ 5; Def. Reply 2 n.1.) Thus, the only issue is whether the trial transcripts for June 20, 21, 22 and July 9 were necessarily obtained. The trial lasted only seven days, did not involve complex issues and both the DA Defendants and defendant Hunter had two attorneys present throughout the trial. Courts have routinely found that the cost of transcripts is not taxable where the trial was "neither long nor complicated" and the party seeking costs had two or more attorneys. *Williams v. Colatosi*, No. 97 Civ. 417, 2001 WL 913922, at *3 (S.D.N.Y. Aug. 13, 2001); *see also Karmel v. City of New York*, No. 00 Civ. 9063, 2008 WL 216929, at *3 (E.D.N.Y. Jan. 9, 2008) ("The trial in the present case was not overly long or complicated, and Defendants had at least two attorneys present at all times during the trial, one of whom could have been taking sufficient enough notes during the proceedings to make daily trial transcripts unnecessary."); *Malloy v. City of New York*, No. 98 Civ. 5823, 2000 WL 863464, at *1 (E.D.N.Y. June 23, 2000) ("The trial was neither long nor complicated. Moreover, three defense counsel, who were more than capable of taking notes of the testimony, were present during the entire trial." (internal citations and quotation marks omitted)).

Moreover, although Defendants used the trial transcripts in their summation to rebut assertions made by Plaintiff, the "[u]se of the transcripts during trial does not per se establish that they were necessary." *Hamptons Locations, Inc. v. Rubens*, No. 01 Civ. 5477, 2010 WL

3

3522808, at *4 (E.D.N.Y. Sept. 2, 2010) (alteration in original) (quoting *Natural Organics, Inc. v. Nutraceutical Corp.*, No. 01 Civ. 384, 2009 WL 2424188, at *3 (S.D.N.Y. Aug. 6, 2009)); *see also* Local Civil Rule 54.1(c)(1) ("Convenience of counsel is not sufficient."). Given the length of trial, the lack of complexity and the number of defense attorneys, the Court finds that only the trial transcripts from June 18 and 19 are taxable.[1] Therefore, Defendants request for costs related to the trial transcripts is reduced to $1,712.07.

### ii. Deposition Transcripts

"Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety." Local Civil Rule 54.1(c)(2); *see also Palm Bay Int'l*, 285 F.R.D. at 235 ("Local Rule 54.1(c)(2) is clear and unequivocal when it stated that costs are allowed for an original and copy of a transcript is taxable if the deposition was used or received in evidence at the trial." (citation and internal quotation marks omitted)). "Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Local Civil Rule 54.1(c)(2). Defendants seek the costs of the deposition transcripts of Plaintiff, Abruzzo, and defendants Hunter, Ritter, Ryan, Henigman and Quinn.

Plaintiff does not object to the cost of her deposition testimony, nor does she dispute that the costs of the depositions transcripts at issue are recoverable under Local Civil Rule 54. Rather, Plaintiff argues that Defendants unnecessarily incurred the transcript costs because she

---

[1] Plaintiff's credibility was a central issue at the trial, and, therefore, the transcripts of her direct testimony were necessarily obtained. *See Perks v. Town of Huntington*, No. 99 Civ. 4811, 2008 WL 8091034, at *4 (E.D.N.Y. Mar. 31, 2008), *aff'd*, 331 F. App'x 769 (2d Cir. 2009) (finding trial transcripts taxable where, among other things, the plaintiff's credibility was "a crucial issue").

4

provided defense counsel with courtesy copies of the depositions transcripts of Abruzzo and defendants Hunter, Ritter, Ryan, Henigman and Quinn. (Harris Decl. ¶¶ 4–5.) Plaintiff does not provide an invoice or any proof that she purchased a copy of the deposition transcripts for Defendants. In any event, Defendants are entitled to recover costs for the original transcript of a deposition, plus one copy, if the transcript was used at trial or by the Court in ruling on a motion for summary judgment. Here, Plaintiff does not dispute that the deposition transcripts of Plaintiff, Abruzzo, and defendants Hunter, Ritter, Ryan, Henigman and Quinn were used at trial and in support of Defendants' summary judgment motion, and, therefore, are taxable under Local Civil Rule 54.1.[2] *See Catalano v. Lynbrook Glass & Architectural Metals Corp.*, No. 06 Civ. 2907, 2009 WL 4342507, at *3 & n.2 (E.D.N.Y. Dec. 1, 2009) (finding the plaintiff's deposition transcript taxable because it was used at trial and in support of the defendants' summary judgment motion); *Malloy v. City of New York*, No. 98 Civ. 5823, 2000 WL 863464, at *2 (E.D.N.Y. June 23, 2000) (finding the defendants are entitled to costs of the plaintiff's deposition transcript, which was used at trial). Plaintiff is taxed for the deposition transcripts of Abruzzo and defendants Hunter, Ritter, Ryan, Henigman and Quinn in the amount of $2,912.27.

---

[2] Defendants claim that these deposition transcripts were used on Plaintiff's cross examination at trial. (Bill of Costs ¶¶ 9–15.) A review of the trial transcript does not show any reference to the depositions of Abruzzo, Hunter, Ritter, Ryan, Henigman or Quinn during the cross examination of Plaintiff. In fact, it is difficult to imagine how the deposition transcripts of these trial witnesses could have been properly used during Plaintiff's cross examination. Regardless, there is no dispute that the deposition transcripts were submitted to the Court in support of Defendants' summary judgment motion, and, therefore, the costs of the transcripts are taxable. *See Catalano v. Lynbrook Glass & Architectural Metals Corp.*, No. 06 Civ. 2907, 2009 WL 4342507, at *3 n.2 (E.D.N.Y. Dec. 1, 2009) ("Although defendant's motion was denied, a deposition transcript is properly taxable if a court uses a deposition transcript in connection with a summary judgment opinion, even if the party seeking costs lost the motion and only prevailed at trial.").

5

**II.     Conclusion**

For the reasons set forth above, Defendants' application for costs is granted in part and denied in part. The Clerk of Court is directed to tax Plaintiff in the amount of $4,624.34.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  February 20, 2013
            Brooklyn, New York